**UNITED STATES COURT OF APPEALS**

**March 9, 2021**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RICKY RAY CRESPIN,

     Defendant - Appellant.

Nos. 19-4155 & 21-4009
(D.C. No. 1:07-CR-00043-TC-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH,** Chief Judge, **MURPHY**, and **HARTZ**, Circuit Judges.

     Ricky Ray Crespin was convicted of being a felon illegally in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). The district court sentenced him to a ten-year term of incarceration, the maximum term for a violation of § 922(g). *See id.* § 924(a)(2). The district court also ordered that Crespin serve, following his release from prison, a thirty-six-month term of supervised release. *See id.* § 3583(b)(2) (authorizing imposition of a term of supervised release of no more

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

than three years when the underlying conviction is a "Class C" felony); *id.* § 3559(a)(3) (designating as a "Class C" felony any crime "if the maximum term of imprisonment authorized is . . . less than twenty-five years but ten or more years").

Crespin began serving his term of supervised release on August 12, 2019. One week later, a United States Probation Officer petitioned the district court to issue a warrant for Crespin's arrest. An accompanying violation report alleged Crespin violated the terms of his supervised release by committing two Utah state crimes and asked the district court to revoke Crespin's supervision pursuant to the terms of 18 U.S.C. § 3583(e)(3). The district court held an evidentiary hearing on the probation officer's request to revoke Crespin's term of supervision. At the hearing, Crespin asserted, inter alia, that the district court could not impose upon him any further term of incarceration for a violation of the terms of supervised release because he had already served the maximum term of imprisonment. In so arguing, Crespin relied on the Supreme Court's recent decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019). The district court revoked Crespin's supervised release (the "First Revocation") and, after concluding *Haymond* did not apply to revocation proceedings under § 3583(e)(3), ordered him to serve a fourteen-month term of incarceration and a twenty-two month term of supervised release (the "Second Term of Supervised Release"). Crespin appealed, in No. 19-

4155, asserting the district court erred in concluding *Haymond* did not apply to revocation proceedings brought under § 3583(e)(3).

While appeal No. 19-4155 was pending, Crespin completed the term of incarceration imposed upon his First Revocation and began serving his Second Term of Supervised Release. This court directed the parties to address whether the expiration of Crespin's fourteen-month term of incarceration mooted his *Haymond*-based challenge to his imprisonment. The parties filed response briefs arguing as to whether the pendency of Crespin's Second Term of Supervised Release saved from mootness his *Haymond*-based appeal. On January 7, 2021, this panel held oral argument on both the merits of the *Haymond* issue and the question of mootness. Shortly thereafter, the district court revoked Crespin's Second Term of Supervised Release pursuant to the terms of § 3583(e)(3), imposed upon Crespin an eight-month term of incarceration, and declined to order any further term of supervision. Crespin appealed, in No. 21-4009, again asserting the district court erred in concluding *Haymond* did not preclude the imposition of a further term of incarceration. In response to this court's order to show cause, the parties specifically consented to the procedural consolidation of these two appeals (Nos. 19-4155 and 21-4009) and to having both appeals resolved on the previously submitted briefing and oral argument in No. 19-4155.

On February 16, 2021, this court issued its opinion in *United States v. Salazar*, No. 19-3217, 2021 WL 561431 (10th Cir. Feb. 16, 2021). Facing a merits argument and potential mootness issue almost perfectly analogous to the issues before the court in these appeals, *Salazar* held as follows: (1) a challenge to a term of imprisonment is not moot as long as a defendant is serving a term of supervised release which could be reduced by a favorable appellate decision, *id.* at *2-*3; (2) the decision in *Haymond* does not apply to § 3583(e)(3), *id.* at *3-*10.

Given the decision in *Salazar*, it is clear the district court did not err in rejecting Crespin's assertion that, because he was given a maximum term of incarceration on his original (i.e., underlying) sentence, he could not be subject to a term of imprisonment upon revocation of supervised release. Accordingly, the judgment entered by the district court in No. 21-4009 is hereby **affirmed**. Crespin's appeal in No. 19-4155 is hereby **dismissed as moot**. This court cannot provide Crespin with any effective relief in No. 19-4155. Crespin has already served the term of imprisonment challenged in No. 19-4155; he is not subject to any future term of supervision that could be altered if he were to prevail on appeal; and, given the unique circumstance that the merits issues on appeal in these two cases are identical, he cannot obtain any relief in No. 19-4155 as to his current term of imprisonment that he could not otherwise obtain in No. 21-4009.

-4-

In No. 21-4009, the district court is **AFFIRMED**. No. 19-4155 is

**DISMISSED AS MOOT**. Crespin's motion to take judicial notice in No. 19-

4155, is likewise, **DISMISSED AS MOOT**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge